## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | |
|---|---|
| NICKOLAS TSUI, on behalf of himself and all others similarly situated, | Civil Action No. ____ |
| Plaintiff, | **CLASS ACTION COMPLAINT** **JURY TRIAL DEMANDED** |
| v. | |
| WALMART INC. | **EXEMPT FROM FILING FEES UNDER 38 U.S.C. § 4323(h)(1)** |
| Defendant. | |

Plaintiff Nickolas Tsui, on behalf of himself and other similarly situated individuals, by and through his attorneys, alleges as follows:

### INTRODUCTION

1.     This is a class action under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq*., on behalf of current and former Associates[1] of Walmart Inc. ("Walmart") who took short-term military leave from their employment with Walmart but did not receive fully paid leave from Walmart during such periods of short-term military leave

2.     Since at least October 10, 2004, Defendant Walmart had a policy and practice of providing fully paid leave to Associates when they take certain short-term leaves-of-absence from their employment with Walmart, but not providing Associates fully paid leave when they take short-term military leave (*i.e.*, military leave that lasts 30 consecutive days or fewer). For example, Walmart has provided fully paid leave to Associates when they take

---

[1] Walmart refers to all persons employed by Walmart as "Associates," including both hourly and salaried employees. Plaintiff refers to Associates and employees interchangeably in this Complaint.

jury duty leave or bereavement leave (*i.e.*, paid leave at their normal wages or salaries), but has never provided any wages or salaries to Associates who have taken short-term military leave of three days or less. Since 2017, for most types of military leave of four days or more Walmart has paid Associates the difference between their pay at Walmart and their military compensation ("differential pay"). But before 2017, Walmart did not provide such differential pay for most types of military leave of four days or more.

3.      By continuing to fully pay Associates during periods of jury duty, bereavement leave, and other comparable forms of short-term leave, while failing to provide fully paid leave for Associates during short-term military leave, Walmart has violated USERRA, 38 U.S.C. § 4316(b).

4.      USERRA requires military leave to be treated no less favorably than any other forms of comparable leave that an employer provides to its employees. By providing fully paid leave to Associates who take jury duty leave, bereavement leave, and other comparable forms of leave, Walmart was obligated by USERRA § 4316(b) to do the same for its Associates who take short-term military leave. By failing to do so, Walmart violated USERRA's mandate to treat military leave no less favorably than other comparable forms of non-military leave.

5.      This action seeks a declaration that Walmart violated USERRA § 4316(b) by failing to provide fully paid leave to Plaintiff and members of the proposed Class during periods of short-term military leave, an order requiring Walmart to fully pay its Associates during short-term military leave in the future, so long as Walmart continues to fully pay Associates when they take other forms of comparable leave, and an order requiring Walmart to provide Plaintiff and members of the Class the full pay they should have earned during their periods of short-term military leave, consistent with the requirements of USERRA.

## JURISDICTION AND VENUE

6.      The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, because this action arises under USERRA, a federal law. This Court also has subject matter jurisdiction over the USERRA claim pursuant to 38 U.S.C. § 4323(b)(3), which provides the district courts of the United States with jurisdiction over any USERRA action brought against a private employer. Walmart is a private employer within the meaning of 38 U.S.C. § 4303(4)(A), because it "pays salary or wages for work performed or [] has control over employment opportunities."

7.      Venue is proper in this District under 38 U.S.C. § 4323(c)(2), because Walmart, "the private employer of the person" who has filed this action, "maintains a place of business" in over 30 locations in this District, employing at least hundreds of workers in this District. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claims in this action occurred in this District.

## INTRA-DISTRICT ASSIGNMENT

8.      Assignment of this case to the Eastern Division of this District is proper because Plaintiff, the only party residing in this District, resides in Dracut, Massachusetts, in Middlesex County, which is located in the Eastern Division of this District. L.R. 40.1(d)(1)(C).

## PARTIES

9.      Plaintiff Nickolas Tsui is and has been employed by Walmart since May 2009. Tsui is currently employed at a Sam's Club store operated by Walmart in Hudson, New Hampshire. Tsui joined the Army Reserve in April 2014. Since that time, Tsui has routinely taken short-term military leave to serve in the Army Reserve. Tsui resides in Dracut, Massachusetts. Plaintiff has not received any paid leave when he took short-term military leave from Walmart since 2014.

3

10.     Walmart Inc. is a publicly traded company and, according to Walmart's most recent annual report, as of March 30, 2020, Walmart served 265 million customers per week through its over 11,500 retail stores. Its United States division operates retail stores in all 50 states, Washington D.C., and Puerto Rico. Walmart currently employs more than 1.5 million people in the United States. Walmart is an employer within the meaning of USERRA, as it "pays salary or wages for work performed" and "has control over employment opportunities" for Plaintiff and the proposed Class Members. 38 U.S.C. § 4303(4)(A),

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Class:

• (A) all current and former employees who work or worked for Walmart at a location in a jurisdiction covered by USERRA (i.e., the United States and its territories) from October 10, 2004 to the present; (B) who took Short-Term Military Leave (i.e., 30 days or less) in one or more years during their employment with Walmart from October 10, 2004 to the present, (C) and during such period of Short-Term Military Leave did not receive the regular wages or salary that they would have earned had they continued to work their ordinary work schedules.  Excluded from the class are the Judge assigned to the case and any of his or her relatives.

**Impracticality of Joinder**

12.     The Class is so numerous that joinder of all members is impracticable. According to Walmart's most recent annual report, Walmart had 1.5 million U.S. employees. According to Walmart's, Walmart has hired over 320,000 veterans and military spouses since 2013. Walmart Careers, https://walmartcareerswithamission.com. Upon information and belief, there are more

than 10,000 former and current Walmart employees who are members of the proposed Class.

13.     Walmart currently operates retail locations in all 50 of the United States, Washington D.C., and Puerto Rico. Accordingly, the members of the Class are geographically dispersed across the country.

**<u>Commonality</u>**

14.     The central question in this case, which will generate a common answer, is whether Walmart's policy or practice of failing to provide fully paid leave to Associates during periods of military leave, while providing fully paid leave for other comparable forms of non-military leave, violates USERRA, 38 U.S.C. § 4316(b).

15.     Plaintiff's claims raise subsidiary common questions, including the following:

(a) whether Walmart maintains a policy or practice of failing to fully pay its Associates when they take short-term military leave;

(b) whether Walmart maintains a policy or practice of providing fully paid leave to Associates when they take other forms of non-military leave, such as jury duty, bereavement leave, and sick leave;

(c) whether under USERRA § 4316(b) short-term military leave is comparable to jury duty, bereavement leave, sick leave, and any other forms of non-military leave for which Walmart has provided normal wages or salaries to its Associates;

(d) what relief should be awarded, including what types of injunctive and monetary relief; and

(e) whether Walmart's violations of USERRA were willful, such that it should be required to pay liquidated damages to Plaintiff and the Class Members.

16.     Because Walmart adopted and applied a uniform policy or practice of not providing fully paid leave to Associates when they take short-term military leave, these questions will produce common answers for all members of the proposed Class.

17.     As Walmart acted in a uniform, systematic manner with respect to the Class, all members of the Class suffered the same type of injury based on a single policy or practice, and resolving the claims of the Class will be based on common legal and factual questions.

18.     Because Walmart's policy or practice of failing to provide fully paid leave to Associates when they take short-term military leave, while providing fully paid leave to Associates when they take other comparable forms of leave, was applied uniformly to the Class, the issues relating to the relief that Class Members should receive are also common.  To the extent that the policy or practice is found to have violated USERRA, the determination of the amounts to be paid to members of the Class will be formulaic and can be readily calculated.

**<u>Typicality</u>**

19.     Plaintiff's claims are typical of the other members of the Class, because the claims challenge a uniform policy or practice by which Walmart failed to provide fully paid leave to Associates when they take short-term military leave, while providing fully paid leave to Associates when they take other comparable forms of leave, and because all Class Members all were injured by the same uniform policy or practice.

**<u>Adequacy</u>**

20.     Plaintiff will fairly and adequately protect the interests of other members of the Class.

21.     Plaintiff does not have any conflict with any other member of the Class. Plaintiff understands his obligations as a class representative, has already undertaken steps to fulfill them,

including by negotiating a class action settlement Walmart, and is prepared to continue to fulfill his duties as class representative.

22.     Walmart has no unique defenses against the Plaintiff that would interfere with Plaintiff's representation of the Class.

23.     Plaintiff is represented by counsel with significant experience in prosecuting class action litigation, including class action litigation involving rights and benefits of servicemembers under USERRA.

**Rule 23(b)(3)**

24.     This action can be maintained as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, because the questions of law and fact common to the members of the Class predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient resolution of this controversy.

25.     The common questions of law and fact concern whether Walmart's policy of failing to provide fully paid leave to Associates when they take short-term military leave, while providing fully paid leave to Associates when they take other comparable forms of leave, violated USERRA. As the members of the Class were all Associates of Walmart who took short-term military leave and their compensation was affected by those violations, common questions related to Walmart's liability will necessarily predominate over any individual questions. As the calculation of Class Members' wages and/or salaries during periods of military leave can be readily calculated based on their wage and/or salary rates, and relief primarily consists of a declaration and an order requiring Walmart to pay the Class Members the wages or salaries they are owed consistent with USERRA, common questions as to remedies will likewise predominate over any individual issues.

26.     A class action is superior to other available methods for the fair and efficient

resolution of this controversy. The common issues will be efficiently resolved in a single class proceeding rather than multiple proceedings. Class certification is a superior method of proceeding in this action, because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's obligations under USERRA and of the remedy that should be provided under USERRA.

27.     The following additional factors set forth in Rule 23(b)(3) also support certification.

28.     First, the members of the Class have a strong interest in a unitary adjudication of the issues presented in this action for the same reasons that this case should be certified under Rule 23(b)(1). Additionally, many members of the Class are unlikely to have sufficient damages to justify pursuing an individual action in federal court or to obtain counsel to pursue an individual action, but all Class Members would benefit from a class action that obtains relief for all members of the Class.

29.     Second, no other litigation concerning Plaintiff's claim that Walmart should have provided paid leave to its Associates when they take short-term military leave has been filed by any other members of the Class.

30.     Third, this is an appropriate forum for these claims because, among other reasons, jurisdiction and venue are proper, and Walmart operates over 30 retail locations in this District.

31.     Fourth, there are no difficulties in managing this case as a class action.

## **FACTUAL ALLEGATIONS**

**Walmart's Policy and Practice Regarding Military Leave**

32.     Currently, when a servicemember Associate of Walmart takes military leave of three days or less, Walmart does not provide any paid leave to the Associate. However, when an

Associate of Walmart is required to be absent from his or her employment at Walmart for a brief period of time for any one of a number of non-military reasons, including that the Associate is required to perform jury service or needs to address the death of a family member, Walmart continues to pay the Associate's normal wages or salary during his or her absence. Such wages or salary are provided indefinitely in the case of jury duty leave, and for up to three days in the case of bereavement leave. Upon information and belief, the current practices described in this paragraph have been Walmart's policies or practices since at least October 10, 2004.

33.     Upon information and belief, from 2004 to 2008 Walmart did not provide any pay to Associates who took military leave that lasted four days or more; from 2008 through June 2017, Walmart provided differential pay to Associates who took limited types of military leave that lasted four days or more; and from June 2017 to the present Walmart has provided differential pay to Associates who have taken most types of military leave that lasted four days or more. In contrast, upon information and belief, since 2004 Walmart has provided fully paid leave to Associates who took jury duty leave, without offsetting the pay that such Associates received from the government for their jury service.

**USERRA Required Walmart to Provide the Same Rights and Benefits to Employees Who Took Military Leave as Employees Who Took Comparable Forms of Leave**

34.     USERRA § 4316(b)(1) provides in relevant part that "a person who is absent from a position of employment by reason of service in the uniformed services shall be"

> (A) deemed to be on furlough or leave of absence while performing such service; and

> (B) entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service.

38  U.S.C. § 4316(b)(1).

9

35.     Accordingly, if an employer provides non-seniority rights and benefits to similarly situated employees, including compensation, USERRA § 4316(b)(1) requires the employer to provide the same rights and benefits to employees during their military leave.  *See id*.; 20 C.F.R. § 1002.150(a). As the Department of Labor's implementing regulations state, the "most significant factor to compare" two types of leave to determine if they are a "comparable form of leave" under USERRA is "the duration of the leave." 20 C.F.R. § 1002.150(b). In addition, "other factors such as the purpose of the leave and the ability of the employee to choose when to take the leave should also be considered."  *Id*.

**Walmart Violated USERRA Because it Failed to Provide Fully Paid Leave to Associates When They Took Military Leave, But Provided Fully Paid Leave to Associates When They Took Comparable Forms of Non-Military Leave**

36.     Pursuant to Walmart's policy or practice of failing to provide fully paid leave to Associates during periods of short-term military leave, Walmart failed to provide fully paid leave to Plaintiff and the thousands of members of the Class during each period in which they took short-term military leave since October 10, 2004.

37.     Upon information and belief, since at least October 10, 2004, Walmart provided fully paid leave to Associates while they were on leave from their employment with Walmart because of jury duty, and paid up to three days of fully paid leave for Associates who took bereavement leave.

38.     Jury duty and bereavement leave are comparable to military leave in terms of the duration of these forms of leave and the involuntary nature of the leave.

39.     For Walmart Associates, the duration of jury duty leave or bereavement leave is comparable to the duration of military leave. Each of these types of leaves most commonly lasts several days, and usually does not last more than a couple of weeks.

40.     In the case of jury duty, bereavement leave, and short-term military leave, the leave is ordinarily involuntary. Jury duty is required by federal, state, or local law. Bereavement leave occurs due to a death in the employee's family. And military leave occurs due to an employee's legal obligation to perform military service in the Armed Forces.

41.     In addition, the purpose of jury duty is the same as the purpose of military leave: to perform service for our government and to engage in public service for the benefit of our society.

42.     Walmart's policy or practice of failing to provide fully paid leave to Associates when they take short-term military leave, while providing fully paid leave to Associates when they take other comparable forms of non-military leave, violates USERRA § 4316, because Walmart denies its Associates a non-seniority right or benefit that it provides to similarly situated employees who are on furlough or leave of absence. 38 U.S.C. § 4316(b).

43.     This policy has unlawfully denied Walmart's Associates the fully paid leave the should receive when they engage in short-term military leave when Walmart provides full paid leave to Associates when they take jury duty, bereavement leave, or other comparable forms of short-term non-military leave.

**Plaintiff's USERRA-Protected Military Leave**

44.     Since joining the Army Reserve in 2014, Plaintiff routinely took short-term military leave that lasted between one and three days, or that lasted four days or more, and in doing so engaged in military service that qualified as service in the uniformed services within the meaning of USERRA, 38 U.S.C. § 4303(13).

45.     During the time that Plaintiff took short-term military leave, Walmart did not pay Plaintiff the wages that he would have earned had he not taken such military leave.

## COUNT I
## VIOLATION OF USERRA, 38 U.S.C. § 4316(b)(1)

46.     Plaintiff hereby repeats and incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

47.     USERRA, 38 U.S.C. § 4316(b)(1), provides that "a person who is absent from a position of employment by reason of service in the uniformed services shall be (A) deemed to be on furlough or leave of absence while performing such service; and (B) entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service."

48.     The U.S. Department of Labor's regulations that implement and interpret USERRA § 4316(b)(1) provide that "[i]f the non-seniority benefits to which employees on furlough or leave of absence are entitled vary according to the type of leave, the employee must be given the most favorable treatment accorded to any comparable form of leave when he or she performs service in the uniformed services." 20 C.F.R. § 1002.150(b). The "duration of leave" "may be the most significant factor" to determine whether two forms of leave are comparable, and other relevant factors include "the purpose of the leave and the ability of the employee to choose when to take the leave." *Id.*

49.     As described above, Walmart has maintained a policy or practice of failing to provide fully paid leave to Associates when they take short-term military leave, while providing fully paid leave to Associates when they take other comparable forms of short-term non-military leave, such as jury duty or bereavement leave.

50.     As described above, these forms of leave – jury duty and bereavement leave – are comparable to military leave in terms of the duration, purpose, and/or the ability of the employee to determine whether to take the leave.

51.     By adopting and applying a uniform policy or practice of failing to provide fully paid leave to the Class Members when they take short-term military leave, Walmart has denied the Class Members the same rights and benefits, including compensation, that Walmart provided to Associates who took comparable forms of non-military leave, including jury duty leave and bereavement leave, and Walmart has failed to provide Class Members the most favorable treatment accorded to employees who take comparable forms of non-military leave. By doing so, Walmart violated and continues to violate USERRA § 4316(b)(1).

52.     Due to Walmart's failure to comply with USERRA § 4316(b)(1), Plaintiff and other members of the Class received lower wages, salaries, and compensation than they would have received had Walmart complied with USERRA and the Department of Labor's implementing regulations.

53.     Upon information and belief, Walmart's violation of USERRA § 4316(b)(1) was willful. Accordingly, Walmart should be required to pay liquidated damages pursuant to 38 U.S.C. § 4323(d)(1)(C).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Walmart on all claims and respectfully requests that this Court award the following relief:

A.     Declare that Walmart's policy or practice by which Walmart failed to provide fully paid leave to Associates during periods of short-term military leave, while providing fully paid leave to Associates when they took other comparable forms of non-military leave, violated the rights of Plaintiff and the Class Members under USERRA § 4316(b);

13

B.     Declare that Walmart's violations of USERRA were willful under 38 U.S.C. § 4323(d)(1)(C);

C.     Declare that Walmart must provide fully paid leave to Associates normal during periods of short-term military leave;

D.     Require Walmart to comply with USERRA § 4316(b) by providing Plaintiff and the Class Members fully paid leave during periods of short-term military leave in the future;

E.     Require Walmart to pay Plaintiff and the Class Members the wages, salaries, and/or compensation they should have received for periods of short-term military leave, in accordance with USERRA and the Court's declaration;

F.     Order Walmart to pay all members of the Class liquidated damages pursuant to 38 U.S.C. § 4323(d)(1)(C);

G.     Award pre-judgment and post-judgment interest on any monetary relief awarded or required by order of this Court;

H.     Require Walmart to pay attorneys' fees, expert witness fees, litigation expenses and costs pursuant to 38 U.S.C. § 4323(h) and/or order the payment of reasonable fees and expenses in this action to Plaintiff's Counsel based on the common benefit and/or common fund doctrine out of any money or benefit recovered for the Class in this Action; and

I.     Grant such other and further relief as the Court deems proper, just and/or equitable.

## **JURY TRIAL DEMAND**

Pursuant to Federal Rule of Civil Procedure 38 or any similar rule or law, Plaintiff demands a trial by jury for all causes of action and issues for which trial by jury is available.

Dated:  December 31, 2020                    Respectfully submitted,


                                             By:   /s/ Nathaniel Sliver

                                             Nathaniel Sliver
                                             BLOCK & LEVITON LLP
                                             260 Franklin Street, Suite 1860
                                             Tel: (617) 398-5600
                                             Fax: (617) 507-0620
                                             Email: nsliver@blockleviton.com

                                             R. Joseph Barton*
                                             BLOCK & LEVITON LLP
                                             1735 20th Street NW
                                             Washington, DC 20009
                                             Tel: (202) 734-7046
                                             Fax: (617) 507-6020
                                             Email: jbarton@blockleviton.com

                                             Michael J. Scimone*
                                             OUTTEN & GOLDEN LLP
                                             685 Third Avenue, 25th Floor
                                             New York, N.Y. 10017
                                             Telephone:   (212) 245-1000
                                             Facsimile: (646) 509-2055
                                             Email: mscimone@outtengolden.com

                                             Peter Romer-Friedman*
                                             GUPTA WESSLER PLLC
                                             1900 L Street, NW, Suite 312
                                             Washington, DC 20036
                                             Telephone (202) 888-1741
                                             Email:peter@guptawessler.com

                                             Thomas G. Jarrard*
                                             LAW OFFICE OF THOMAS JARRARD PLLC
                                             1020 N. Washington St.
                                             Spokane, WA  99201
                                             Telephone: (425) 239-7290
                                             Email: Tjarrard@att.net

Matthew Z. Crotty*
CROTTY & SON LAW FIRM, PLLC
905 W. Riverside Ave, Suite 409
Spokane, WA 99201
Telephone: (509) 850-7011
Email:          matt@crottyandson.com

*Attorneys for Plaintiff and the Proposed Class*

*\* Pro hac vice motion to be filed*