## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| |
|---|
| **NICKOLAS TSUI, on behalf of himself and others similarly situated,** |
| **Plaintiff,** |
| **v.** |
| **WALMART INC.,** |
| **Defendant.** |

**No. 20 Civ. 12309**

### PLAINTIFF'S UNOPPOSED MOTION FOR
### CERTIFICATION OF A SETTLEMENT CLASS,
### PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
### AND APPROVAL OF THE PROPOSED NOTICE OF SETTLEMENT

Plaintiff Nickolas Tsui ("Plaintiff" or "Tsui") respectfully submits the following

Motion for Certification of a Settlement Class, Preliminary Approval of Class Action Settlement,

and Approval of the Proposed Notice of Settlement (Plaintiff's "Motion"). For the reasons set

forth in the Memorandum of Law in Support of Plaintiff's Motion, the accompanying

Declarations in Support of Plaintiff's Motion, and the exhibits attached thereto, Plaintiff

respectfully requests that the Court enter an Order granting the following relief:

(1)     Certifying the sole claim in the Complaint on behalf of the following Settlement

Class under Fed. R. Civ. P. 23(a) and (b)(3) for purposes of effectuating the settlement:

> All current and former employees (A) who work or worked for Walmart at
> a location in a jurisdiction covered by USERRA during the Settlement Class
> Period; and (B) who took Short-Term Military Leave (i.e., 30 days or less)
> in one or more years during their employment with Walmart during the
> Settlement Class Period, and (C) during such period of Short-Term Military
> Leave did not receive the regular wages or salary that they would have
> earned had they continued to work their ordinary work schedules.
> Excluded from the class are the Judge assigned to the case and any of his
> or her relatives.

(2)      appointing Nickolas Tsui as the Class Representative;

(3)      appointing Block & Leviton LLP and Outten & Golden LLP as Co-Lead Class

Counsel and appointing Gupta Wessler PLLC, Crotty & Son Law Firm, PLLC, and the Law

Office of Thomas G. Jarrard LLC as Additional Class Counsel.

(4)      granting preliminary approval of the parties' proposed Settlement Agreement;

(5)      approving the parties' proposed notice plan and Proposed Notice Packet (Exhibits

D, A-1, and A-2 to the Settlement Agreement);

(6)      appointing a Claims Administrator;

(7)      preliminarily approving the proposed Plan of Allocation and distribution, which is

set forth in Section 5 of the Settlement Agreement, as fair, reasonable and adequate;

(8)      directing the Claims Administrator to mail the Notice Packet and commence

publication notice within 20 business days of receiving a list of Settlement Class members

from Defendant;

(9)      establishing deadlines for Class Members to take the following actions, as

reflected in the table attached to this Motion as **Exhibit A**:

      a.      All requests to opt out to be filed with the Court after the Notice is first
         mailed to the Class;

      b.      All objections or comments to the Settlement or requests to appear at the
         fairness hearing after Notice is first mailed to the Class;

      c.      All Claims (and supporting documents) to be filed with the Claims
         Administrator after Notice is first mailed to the Class;

      d.      All other dates set forth in the Settlement Agreement.

(10)     scheduling a fairness hearing at a time of the Court's convenience, but no sooner

than 180 days after the filing of the Preliminary Approval Order, for final approval of the

settlement;

(11)   establish the following deadlines for Plaintiff and Class Counsel:

    a.   To file a motion for attorneys' fees and costs 14 days before objections are due;

    b.   To file a motion for a service award 14 days before objections are due;

    c.   To file a motion for final approval 14 calendar days prior to the date of the fairness hearing and at least one week after objections are due.

(12)   approving the establishment of a Qualified Settlement Fund pursuant to Treas. Reg. §1.468B-1 to receive, hold, and distribute the Class Settlement Amount in accordance with the terms of the Settlement Agreement; and ordering that the Qualified Settlement Fund and the Claims Administrator will be subject to the continuing jurisdiction of this Court; and

(13)   granting such other, further, or different relief as the Court deems just and proper.

Walmart does not oppose the relief requested by Plaintiff's Motion.

A proposed Order reflecting the above relief is attached as **Exhibit B** to this Motion.

DATED: January 15, 2021                  Respectfully submitted,

                                      */s/ Nathanial Silver*
                                      Nathaniel Silver
                                      BLOCK & LEVITON LLP
                                      260 Franklin Street, Suite 1860
                                      Boston, MA 02110
                                      Tel: (617) 398-5600
                                      Email: nate@blockleviton.com

                                      R. Joseph Barton*
                                      BLOCK & LEVITON LLP
                                      1735 20th Street NW
                                      Washington, DC 20009
                                      Tel: (202) 734-7046
                                      Email: joe@blockesq.com

                                      Peter Romer-Friedman*
                                      GUPTA WESSLER PLLC

1900 L St. NW, Suite 312
Washington, DC 20036
Tel: (202) 888-1741
Email: peter@guptawessler.com

Adam T. Klein**
OUTTEN & GOLDEN LLP
685 Third Ave., 25th Floor
New York, NY 10017
Tel: (212) 245-1000
Email: atk@outtengolden.com

Matthew Z. Crotty*
CROTTY & SON LAW FIRM, PLLC
905 W. Riverside Ave., Suite 404
Spokane, WA 99201
Tel: (509) 850-7011
Email:matt@crottyandson.com

Thomas G. Jarrard*
LAW OFFICE OF THOMAS G.
JARRARD LLC
1020 N. Washington St.
Spokane, WA 99201
Tel: (425) 239-7290
Fax: (509) 326-2932
Email: Tjarrard@att.net

* admitted *pro hac vice*
** *pro hac vice* motion forthcoming

*Attorneys for Plaintiff and the Proposed
Class*