# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NICKOLAS TSUI, on behalf of himself and others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>WALMART INC.,<br><br>  Defendant. | No. 20 Civ. 12309 |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR
CERTIFICATION OF A SETTLEMENT CLASS,
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
AND APPROVAL OF THE PROPOSED NOTICE OF SETTLEMENT**

The above-captioned matter came before the Court on Plaintiff's Unopposed Motion for Certification of a Settlement Class, Preliminary Approval of Class Action Settlement, and Approval of the Proposed Notice of Settlement ("Motion for Preliminary Approval"). Defendant Wal-Mart Stores, Inc. ("Walmart" or "Defendant") does not oppose the motion.

**I. Certification of Settlement Class**

  **A. Rule 23 Settlement Class Definition**

  1. For settlement purposes only, the Parties have proposed to certify a Class consisting of the following persons ("the Settlement Class"):

> All current and former employees (A) who work or worked for Walmart at a location in a jurisdiction covered by USERRA during the Settlement Class Period; and (B) who took Short-Term Military Leave (i.e., 30 days or less) in one or more years during their employment with Walmart during the Settlement Class Period, and (C) during such period of Short-Term Military Leave did not receive the regular wages or salary that they would have earned had they continued to work their ordinary work schedules. Excluded from the class are the Judge assigned to the case and any of his or her relatives.

The Court finds that the above definition is sufficiently defined.

B.  **Rule 23 Certification**

2. The Court hereby finds and concludes that for purposes of the Settlement only, the Settlement Class satisfies all of the requirements for certification under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure as follows:

   a. The Settlement Class is sufficiently numerous that joinder of all members is impracticable because the Settlement Class has at least 7,500 members who are geographically dispersed.

   b. The claim alleged in the Complaint presents common issues of fact and law regarding whether Walmart's practice in providing more favorable benefits for non-military leaves than it provided for short-term military leave violate USERRA.

   c. Plaintiff's claims are typical of those of the Class he proposes to represent, because Plaintiff's claims and those of the Class arise out of the same policies and practices, course of conduct, and are based on the same legal theory.

   d. Plaintiff is an adequate representative of the Class because his interests are co-extensive with those of the Class Members.

   e. Plaintiff has retained experienced counsel to represent himself and the Class. Based on their significant experience litigating USERRA class actions (including other USERRA actions in this District), Plaintiff's counsel have experience handling class actions including claims similar to those asserted in this case. Based on their litigation of other USERRA actions, Plaintiff's counsel have knowledge of the applicable law. Based on their litigation in several other similar class actions against large corporations, Plaintiff's counsel has done significant work in identifying or investigating the claim alleged in this action. Additionally, proposed Co-Lead Counsel Block & Leviton LLP and Outten Golden LLP have

represented that they will commit and have committed sufficient resources to represent the Class. As such, Plaintiff's counsel readily meets the requirements of Rule 23(a)(4) and 23(g).

        f.      Common questions of fact and law predominate over any questions affecting only individual members, because liability for the entire Class can be determined based on the same common proof – whether Walmart's nationwide leave policies violate USERRA by failing to provide paid leave for military leave, but providing paid leave for other allegedly comparable leaves.

        g.      A class action is also a superior mechanism to resolve these claims because (1) Settlement Class Members have little interest in controlling the litigation through individual claims, because most Settlement Class Members have modest amounts of damages, particularly in comparison to the significant cost of litigating these claims; (2) there is no other known litigation concerning this claim begun by other Settlement Class Members; (3) this is a desirable location to concentrate these claims as Plaintiff resides in this District, Walmart has a significant presence in this District, and venue is proper in this District; and (4) while there would no difficulties in managing this case as a class action, this fourth factor is not relevant for a settlement class.

      3.      Accordingly, the Court hereby certifies the sole claim in the Complaint on behalf of the Settlement Class pursuant to Rule 23(a) and (b)(3) and also hereby:

        a.      Appoints Plaintiff Nickolas Tsui to serve as Class Representative.

        b.      Appoints Block & Leviton LLP and Outten & Golden LLP as Co-Lead Class Counsel and also appoints Crotty & Son Law Firm, PLLC; Gupta Wessler PLLC; and the Law Office of Thomas G. Jarrard LLC as Additional Class Counsel.

**II.     Preliminary Approval of Settlement**

4.     Based upon the Court's review of the Plaintiff's Memorandum of Law in support of his Motion for Preliminary Approval, the Declaration of Peter Romer-Friedman ("Romer-Friedman Declaration"), and all other papers submitted in connection with Plaintiff's Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Settlement Agreement between the parties, filed on December 31, 2020, ECF No. 2-1, and "so orders" all of its terms.

5.     Preliminary approval, which is what Plaintiff seeks here, is the first step in the settlement process. It simply allows notice to issue to the Class and for Settlement Class Members to object to or opt out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the Settlement Class Members' input.

6.     For preliminary approval of a settlement agreement, "the Court need not make a final determination regarding the fairness, reasonableness and adequateness of a proposed settlement; rather, the Court need only determine whether it falls within the range of possible approval." *In re Puerto Rican Cabotage Antitrust Litig.*, 269 F.R.D. 125, 140 (D.P.R. 2010) (collecting cases). As part of this inquiry, courts "examine the proposed settlement for obvious deficiencies before determining whether it is in the range of fair, reasonable, and adequate." *In re M3 Power Razor Sys. Mktg. & Sales Practice Litig.*, 270 F.R.D. 45, 62 (D. Mass. 2010) ("*In re MP3 Litig.*") (citing Manual for Complex Litigation (4th ed.) § 21.632)).

7.     In making that determination, courts in this District consider whether "(1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected." *In re Lupron Mktg. & Sales Practices Litig.*, 345 F. Supp. 2d 135, 137 (D. Mass.

2004) (internal quotation marks omitted); *accord In re M3 Litig.*, 270 F.R.D. at 62-63.

8. The Court concludes that the proposed Settlement Agreement here is within the range of possible final settlement approval, such that notice to the class is appropriate.

9. The Court finds that the Settlement Agreement is the result of extensive, arms'-length negotiations by counsel well-versed in the prosecution of employment class actions. That negotiation was conducted after the parties exchanged informal discovery, including employment data relating to the proposed Settlement Class Members' damages, in order to evaluate their claims. Although Settlement Class Members have not yet had the opportunity to voice any objections to the settlement, the Court will evaluate any such objections after notice of the settlement has been distributed.

10. An experienced class action employment mediator, Michelle Yoshida, assisted the parties with the settlement negotiations and presided over the mediation. This reinforces the non-collusive nature of the settlement.

### III. Notice

11. The Court approves the parties' proposed Notice Packet, including the associated claims forms, which are attached as Exhibits D, A-1, and A-2 to the Settlement Agreement, ECF No. 2-1, and directs their distribution to the Class.

12. The content of the Notice Packet fully complies with due process and Federal Rule of Civil Procedure 23.

13. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through counsel if the member so desires; (v) that the court will

> exclude from the class any member who requests exclusion, (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

14. The Notice satisfies each of these requirements and is reasonably calculated to inform the Class about the action and afford them an opportunity to present objections. *See, e.g., Hill v. State St. Corp.*, No. 09 Civ. 12146, 2015 WL 127728, at *14 (D. Mass. Jan. 8, 2015) (quoting *In re Prudential Sec. Inc. Ltd. P'Ships Litig.*, 164 F.R.D. 362, 368 (S.D.N.Y.), *aff'd sub nom. In re Prudential Sec. Inc. Ltd. P'ship Litig.*, 107 F.3d 3 (2d Cir. 1996)). The Notice describes the terms of the Settlement, informs the class about the allocation of attorneys' fees and costs, and provides specific information regarding the date, time, and place of the final approval hearing. In addition to sending notice by first-class mail, the parties will also issue publication notice in an attempt to notify potential Class Members who cannot be identified in Walmart's employment data. This process, in combination with mailed notice, is "reasonably calculated" to provide adequate notice to the Class. *Hill*, 2015 WL 127728, at *14.

## V. **Plan of Allocation**

15. The Plan of Allocation proposed by Class Counsel is preliminarily approved as fair, reasonable, and adequate.

## VI. **Class Action Settlement Procedures**

16. The Court appoints RG/2 Claims Administration, LLC as the Claims Administrator to provide Class Notice and otherwise assist in administration of the Settlement as set forth in Settlement Agreement.

17. Within 30 days of this Order, Defendant will provide the Claims Administrator and Class Counsel with the names, last known addresses, and telephone numbers of all previously identified Settlement Class Members ("Class Data");

18. Within 20 business days after Defendant provides the Class Data, the Claims Administrator shall mail the Notice to the identified Settlement Class Members and issue publication notice of the settlement;

19. Settlement Class Members will have until 90 days from the date that Notice is mailed to exclude themselves from the Class by setting forth at least the following: (a) the full name, address and contact information of the person, (b) a written statement that the person wishes to be excluded from the Class or the Settlement and (c) a signature.

20. Settlement Class Members will have until 90 days from the date that Notice is mailed to object to the Settlement, the Plan of Allocation, the Attorneys' Fees and Expenses or Service Award.  The Objection must set forth at least the following: (a) the full name, address and contact information for the Objector, and the name and address of counsel (if represented by counsel); (b) a written statement of any and all objections to this Settlement, the Plan of Allocation, the Attorneys' Fees or Expenses or Service Award, including any supporting papers and arguments; (c) the signature of the Objector (or his or her attorney).  Any Class Member who fails to make his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed

21. Settlement Class Members must file a Claim along with any supporting documents within 90 days of the date that Notice is mailed.

22. Co-Lead Class Counsel will file any Motion for Attorneys' Fees, Costs, and any

motion for Class Representative Service Award no later than 14 days before objections are due.

23. Co-Lead Class Counsel will file a Motion for Final Approval of Settlement by no later than 14 days before the fairness hearing;

24. The Court will hold a final fairness hearing on _____, 2021 at _____ a.m./p.m. at the United States District Court for the District of Massachusetts, **[INSERT ADDRESS]**;

25. The parties shall abide by all terms of the Settlement Agreement.

26. All other deadlines, including Defendant's response to the Complaint, will be suspended until further Order of the Court.

It is so ORDERED this ___ day of _____, 2021.

_____
Honorable Douglas P. Woodlock
United States District Judge