**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **NICKOLAS TSUI, on behalf of himself and others similarly situated,** | |
| **Plaintiff,** | **No.  20-cv-12309-MPK** |
| **v.** | |
| **WALMART INC.,** | |
| **Defendant.** | |

**ORDER ON PLAINTIFF'S UNOPPOSED MOTION FOR**
**FINAL CERTIFICATION OF SETTLEMENT CLASS AND**
**FINAL APPROVAL OF CLASS ACTION SETTLEMENT,**
**AND MOTION FOR APPROVAL OF ATTORNEYS' FEES AND EXPENSES**

This matter comes before the Court on Plaintiff's motion for final certification of settlement class and final approval of class settlement ("Final Approval Motion") (#40), and Plaintiff's motion for an award of attorneys' fees and reimbursement of expenses ("Motion for Fees and Expenses") (#42). Defendant Walmart, Inc. does not oppose either motion.

I.   Final Certification of Settlement Class and Final Approval of Class Settlement.

WHEREAS, the above action, which was filed as a putative class action and which was previously certified as a class action for purposes of settlement, is pending before the Court; and

WHEREAS, the Court has received and reviewed the Settlement Agreement ("the Agreement") entered into between the Settlement Class Representative on behalf of the Settlement Class Members on the one hand, and the Defendant Walmart Inc. on the other hand, and has considered the terms of the proposed settlement; and

WHEREAS, all terms used in this Order shall have the same meaning as set forth in the Agreement, unless otherwise defined here; and

WHEREAS, on April 30, 2021, the Court entered an Order preliminarily approving the

Settlement, approving the form and method of notice, appointing a claims administrator, and setting a date and time for a final fairness hearing to consider whether the Settlement should be finally approved by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, adequate, and reasonable (the "Preliminary Approval Order"); and

WHEREAS, the Preliminary Approval Order further directed that all Settlement Class Members be given notice of the Settlement and of the date for the final fairness hearing; and

WHEREAS, the Court has received declarations attesting to the provision of notice in substantial accordance with the Preliminary Approval Order; and

WHEREAS, as part of the Preliminary Approval Order, the Court certified the Settlement Class for settlement purposes only in accordance with the terms of the Agreement and pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, appointed Nickolas Tsui as the Class Representative, appointed Outten & Golden LLP and Block & Leviton LLP as Lead Class Counsel, appointed Gupta Wessler PLLC, the Law Office of Thomas Jarrard PLLC, and the Crotty & Son Law Firm PLLC as additional Class Counsel, and appointed RG/2 Claims Administration LLC as the Claims Administrator; and

WHEREAS, no timely objections to the Settlement were filed; and

WHEREAS, the Court having conducted a Final Fairness Hearing on October 14, 2021 (the "Settlement Approval Hearing"), and having considered the arguments presented, all papers filed, and all proceedings had therein,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of this action, this Settlement, the Settlement Class Members, and Defendant.

2. The Class that the Court previously certified by Order dated April 30, 2021, (#30), is

hereby finally certified for settlement purposes under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the following persons as to the single claim asserted in the Complaint:

> All current and former employees (A) who work or worked for Walmart at a location in a jurisdiction covered by USERRA during the Settlement Class Period; and (B) who took Short-Term Military Leave (i.e., 30 days or less) in one or more years during their employment with Walmart during the Settlement Class Period; and (C) during such period of Short-Term Military Leave did not receive the regular wages or salary that they would have earned had they continued to work their ordinary work schedules. Excluded from the class are the Judge assigned to the case and any of his or her relatives.

3. Pursuant to Rules 23(a)(4) and 23(g) of the Federal Rules of Civil Procedure and after considering the requirements set forth therein, the prior appointment of Block & Leviton LLP and Outten Golden LLP as Co-Lead Class Counsel and Plaintiff Nicolas Tsui as Class Representative is confirmed. The Class Representative and Class Counsel have fully and adequately represented the interests of the Class for purposes of entering into and implementing the Settlement Agreement and has satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

4. In accordance with Rules 23(c) and (e) of the Federal Rules of Civil Procedure and the requirements of due process, all members of the Settlement Class have been given proper and adequate notice of the Settlement. Based on the evidence submitted by the Parties, their counsel and the Settlement Administrator, the Agreement, and all the files, records, and proceedings in this case, the Notice was distributed and provided to the Settlement Class in accordance with and consistent with the Agreement and the Court's Preliminary Approval Order and: (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Final Fairness Hearing; (c) were reasonable and constituted due, adequate, and sufficient notice to all persons

who are entitled to notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)(2) and (e)) and any other applicable law.

5. Defendants have caused to be served a notice of the Settlement on appropriate state and federal officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C § 1715(b), and have satisfied their obligations thereunder.

6. The Settlement in this action warrants final approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, because it resulted from extensive good-faith arm's length negotiations between the Parties and their counsel, and it is fair, adequate, and reasonable to those it affects, considering the following factors:

    a)  the complexity, expense, and likely duration of the litigation;

    b)  the reaction of the class to the settlement;

    c)  the stage of the proceedings and the amount of discovery completed;

    d)  the risks of establishing liability;

    e)  the risks of establishing damages;

    f)  the risks of maintaining the class action through the trial;

    g)  the ability of the defendants to withstand a greater judgment;

    h)  the range of reasonableness of the settlement fund in light of the best possible recovery; and

    i)  the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*Bezdek v. Vibram USA Inc.*, 79 F. Supp. 3d 324, 343-344 (D. Mass. 2015), *aff'd*, 809 F.3d 78 (1st Cir. 2015) (internal citations and quotations omitted). Settlements that follow sufficient discovery and genuine arms-length negotiation are presumed to be fair and "within the range of reasonableness." *Id.* at 343. Additionally, the Settlement is fair, reasonable, and adequate after considering the following factors under Rule 23(e)(2) and finding that each of the following factors favor approval of the Settlement: (A) the class representatives and class counsel have adequately

represented the class; (B) the proposed Settlement was negotiated at arm's length; (C) the relief

provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and

appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including

the method of processing class-member claims; (iii) the terms of any proposed award of attorney's

fees, including timing of payment; and (iv) any agreement required to be identified under Rule

23(e)(3); and (D) the proposed Settlement treats class members equitably relative to each other.

7. After considering the above factors, based on the submissions by the Parties and Class

Counsel, the Final Approval Motion is hereby ALLOWED, and the Settlement as set forth in the

Agreement is hereby APPROVED as fair, reasonable, adequate, and the terms of the Agreement

are hereby determined to be fair, reasonable and adequate, and in the best interest of the Settlement

Class Members and in compliance with the applicable requirements of the Federal Rules of Civil

Procedure. Plaintiff, Class Counsel, Defendant and the Settlement Administrator are directed to

consummate the Agreement in accordance with its terms.

8. The payment of the Class Settlement Amount in accordance with the terms of the

Agreement is APPROVED.

9. The Plan of Allocation and method of distribution of the Class Settlement Amount is

hereby APPROVED as a fair, adequate, and reasonable method to allocate the Net Settlement

Amount among members of the Settlement Class as set forth in the Settlement Agreement. The

Net Class Settlement Amount shall be distributed in accordance with the terms of the Agreement.

The Settlement Class shall not have any claim against the Settlement Administrator, Plaintiff,

Defendant, or counsel to any of the foregoing, including any of the individuals involved in the

distribution under the Plan of Allocation, based on any distributions of the Settlement Fund made

substantially in accordance with the Settlement Agreement or as authorized by the Court.

10. The Litigation is hereby DISMISSED WITH PREJUDICE and without costs to any Party, other than as specified in the Agreement and this Order, including in Section 12 of this Order below.

11. In consideration of the Programmatic Relief and Class Settlement Amount provided for under the Agreement, and for other good and valuable consideration, each of the Releasing Settlement Class Members shall, by operation of this Order, have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Releasees in accordance with Section 13 of the Agreement, the terms of which section are incorporated herein by reference.

12. This Order shall constitute the Final Judgment in the action as to all Settlement Class Members' Released Claims.

13. There is no just reason to delay entry of this Order and Final Judgment, and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

14. Without affecting the finality of this Order in any way, this Court retains jurisdiction over: (a) the interpretation, implementation, and enforcement of the Settlement and the terms of the Agreement; (b) the distribution of the Class Settlement Amount, Service Payment to the Settlement Class Representative, and Attorneys' Fees and Litigation Expenses; and (c) all other proceedings related to the implementation, interpretation, administration, consummation, and enforcement of the terms of the Agreement and the Settlement, and the administration of Claims submitted by Settlement Class Members.

15. The parties shall abide by all terms of the Settlement Agreement. In the event that the Settlement Effective Date does not occur, this Order shall be rendered null and void and shall be vacated, nunc pro tunc, except insofar as expressly provided to the contrary in the Settlement

Agreement, and without prejudice to the status quo ante rights of Plaintiff, the Settlement Class Members, and Walmart.

II.    <u>Attorneys' Fees and Expenses</u>.

Plaintiff seeks an award of $4,666,666.00 in attorneys' fees, representing one third of the potential settlement funds that were available to potential class members ($14 million), and $18,174.88 in litigation expenses. (#43 at 8.) Walmart does not oppose the motion. (#42.) "The acquiescence of the defendant, however, does not relieve this Court of its obligation to examine the fee request to ensure that the awarded fees are fair and reasonable." *In re TJX Cos. Retail Sec. Breach Litig.*, 584 F. Supp. 2d 395, 399 (D. Mass. 2008). "In addition to ensuring that class counsel is fairly compensated, the district court is obligated to function as 'a quasi-fiduciary to safeguard the corpus of the fund for the benefit of the plaintiff class.'" *Bettencourt v. Jeanne D'Arc Credit Union*, No. 17-cv-12548, 2020 U.S. Dist. LEXIS 106469, at *4 (D. Mass. June 17, 2020) (quoting *In re Fidelity/Micron Sec. Litig.*, 167 F.3d 735, 736 (1st Cir. 1990)). "Judicial examination is necessary in this context to deter class counsel from accepting 'less-than-optimal' settlement terms for the class 'in exchange for red-carpet treatment on fees.'" *In re TJX Cos.*, 584 F. Supp. 2d at 399.

"Courts have wide discretion when awarding attorneys' fees." *Bettencourt*, 2020 U.S. Dist. LEXIS 106469, at *4 (citing *In re Thirteen Appeals Arising Out of San Juan*, 56 F.3d 295, 307 (1st Cir. 1995)). The First Circuit generally endorses the percentage of fund approach to attorneys' fees in class actions (rather than the lodestar approach) but recognizes its drawbacks: "We do not pretend that the POF approach is foolproof, or that it suffers from no disadvantages. For example, it may result in the overcompensation of lawyers in situations where actions are resolved before counsel has invested significant time or resources." *In re Thirteen Appeals*, 56 F.3d at 307.

"Regardless of the method used to calculate a fee award, the touchstone of the analysis is reasonableness." *Carlson v. Target Enter.*, 447 F. Supp. 3d 1, 3-4 (D. Mass. 2020) (citing *In re Fidelity/Micron*, 167 F.3d at 738).

Plaintiff argues that it should be awarded a percentage of the settlement ceiling that was negotiated ($14 million) rather than the settlement floor ($10 million), which was the final settlement amount. (#43 at 15-16 (citing *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 437 (2d Cir. 2007)).) Plaintiff's proposed award of $4,666,666.00 would therefore represent 33.33% of the settlement ceiling, or 46% of the settlement floor. Yet "33-1/3% is a high percentage for a large settlement fund." *In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 81 (D. Mass. 2005); *see Bettencourt*, 2020 U.S. Dist. LEXIS 106469, at *4 ("Standard awards in the First Circuit range from 20% at the low end to 33% at the high end.").

As Plaintiff acknowledges, there is no binding precedent on the issue of whether the percentage of the fund should be calculated on the floor or ceiling under the circumstances presented, and some courts have disputed whether the precedent Plaintiff cites applies to "hypothetical" awards like the ceiling here. *See Hart v. BHH, LLC*, No. 15-cv-4804, 2020 U.S. Dist. LEXIS 173634, at *19-20 (S.D.N.Y. Sep. 22, 2020) ("Any benefit from funds reverted back or never tendered by Defendants are purely hypothetical. . . . *Masters* stands for the proposition that the denominator should be the benefit inured to the class. Funds reverted to the defendant provide no benefit to the class. . . . Accordingly, unclaimed funds should not be used when assessing the fee percentage."); *Bodon v. Domino's Pizza, LLC*, No. 09-cv-02941, 2015 U.S. Dist. LEXIS 82039, at *17 (E.D.N.Y. June 4, 2015) ("The Second Circuit's award of a percentage of the entire recovery in *Masters* does not, however, mean that plaintiffs' counsel are entitled to a percentage of a hypothetical recovery."), *report and recommendation adopted sub nom. Bodon v.*

*Domino's Pizza, Inc.*, 2015 U.S. Dist. LEXIS 81879 (E.D.N.Y. June 23, 2015).

Whether the appropriate award under the percentage of the fund analysis is the settlement floor or ceiling, the court would still perform a "lodestar cross-check" to determine whether the amount was reasonable as compared to the amount billed in this case. *See Bacchi v. Mass. Mut. Life Ins. Co.*, No. 12-cv-11280, 2017 U.S. Dist. LEXIS 184926, at *10 (D. Mass. Nov. 8, 2017) ("[A] court may also, in its discretion, consider a 'lodestar cross check' to gauge the reasonableness of any percentage of fund award."). Class counsel expended $711,901.00 for 1,211 hours of work performed by attorneys, paralegals, and staff. (#43 at 26, 30.) Their requested award of $4,666,666.00 therefore applies a multiplier of 6.6 to their lodestar. The court credits the hard work and good results achieved by counsel but finds their suggested multiplier to be excessive here, where the case did not proceed through motion practice or trial. *See Carlson v. Target Enter.*, 447 F. Supp. 3d at 5 (reducing fee award where settlement was reached relatively quickly). A more reasonable multiplier is 5, resulting in an award of $3,559,505.00. *See Bettencourt*, 2020 U.S. Dist. LEXIS 106469, at *7 (noting session's allowance of multipliers between 1 and 2.7); *Mooney v. Domino's Pizza, Inc.*, No. 14-cv-13723, 2018 U.S. Dist. LEXIS 232959, at *4 (D. Mass. Jan. 23, 2018) (finding multiplier of 4.77 reasonable); *Bacchi*, 2017 U.S. Dist. LEXIS 184926, at *16 (finding multiplier of 1.31 reasonable, and discussing multipliers in the range of 1.0 to 4.0 as reasonable).

The Court finds that the requested reimbursement of Litigation Expenses in the amount of $18,174.88 is reasonable. The Attorneys' Fees and Litigation Expenses will be paid from the Settlement Fund in accordance with the terms of the Agreement as directed by Co-Lead Class Counsel.

Accordingly, the motion for attorneys' fees and expenses is ALLOWED as amended here.

Attorneys' Fees in the amount of $3,559,505.00 and Litigation Expenses in the amount of $18,174.88 will be paid from the Settlement Fund in accordance with the terms of the Agreement as directed by Co-Lead Class Counsel.

/s/ Page Kelley
PAGE KELLEY
Chief United States Magistrate Judge

October 15, 2021